646

of an association shall be applied to the payment of applications for withdrawal, and what proportion shall be applied to the payment of dividends to continuing members. It is conceded: "Such power might have been granted to a court, to a banking department, to a public board or commission." But it is contended that such power cannot be granted legally to a board of directors, composed of continuing members of an association, and having, therefore, a personal interest in conflict with that of the withdrawing members, in the matter of appropriating the receipts of the association to the payment of dividends, rather than to the payment of applications for withdrawal. The Legislature, in its judgment, evidently, concluded that there was no great danger of an abuse of the authority which was given to the boards of directors of building and loan associations. The interests of all of the shareholders, including, of course, the withdrawing shareholders, are protected from abuse of authority on the part of the board of directors, by the fact that the statute has placed all building and loan associations under the supervision and control of the state bank commissioner. We called attention to that in State ex rel. Italo-American Homestead Association, supra. Section 64 of the statute so provides, and requires every building and loan association to make semiannual reports to the commissioner; and section 65 provides: "Twice every year or oftener, if he deems it necessary, the said Commissioner shall make an examination into the affairs of each such association." And section 67 imposes upon the commissioner the duty of seeing that the officers and directors of building and loan associations perform their duties faithfully; and the same section of the statute empowers the commissioner to enforce his orders in that respect, under penalty of liquidation of the association. Aside from these, considerations, a withdrawing member of a building and loan association, as we have pointed out, may withdraw his application at any time, and have all of the advantages enjoyed by the other continuing members. Hence there is no unfair discrimination, or denial of the equal protection of the laws in that respect.

Our conclusion is that the plaintiff in this case has no cause or right of action.

The judgment appealed from is annulled and reversed, and the demand of the plaintiff is rejected and his suit dismissed at his cost.

ODOM, J., dissents.

181 La. 970

## Samuel SOKOLSKY v. EQUITABLE HOMESTEAD ASSOCIATION.

No. 33056.

Supreme Court of Louisiana.
March 4, 1935.

Rehearing Denied April 1, 1935.

Spearing & McClendon, D. H. Theard, Scott E. Beer, Weiss, Yarrut & Stich, Legier, McEnerny & Waguespack, Carroll, McCall & Plough, A. D. Danziger, and P. H. Stern, all of New Orleans, for appellant.

George A. Dreyfous, of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is one of the cases mentioned in the opinion rendered today in the case of Camille V. Treigle v. Acme Homestead Association (La. Sup.) 160 So. 637.

For the reasons given in that case, the judgment appealed from is annulled and reversed, and the demand of the plaintiff is rejected and his suit dismissed at his cost.

ODOM, J., dissents.

181 La. 971

## Camille V. TREIGLE v. THRIFT HOMESTEAD ASSOCIATION.

No. 33071.

Supreme Court of Louisiana.
March 4, 1935.

Rehearing Denied April 1, 1935.

A. D. Danziger, P. H. Stern, D. H. Theard, Legier, McEnerny & Waguespack, Carroll, McCall & Plough, Weiss, Yarrut & Stich, J. G. Dempsey, Jr., D. J. Murphy, and Hyman Mithoff, all of New Orleans, for appellant.

Alex W. Swords, A. Giffen Levy, and Hugh M. Wilkinson, all of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is one of the cases mentioned in the opinion rendered today in the case of Camille V. Treigle v. Acme Homestead Association (La. Sup.) 160 So. 637.

For the reasons given in that case, the judgment appealed from is annulled and reversed, and the demand of the plaintiff is rejected, and his suit dismissed at his cost.

ODOM, J., dissents.

181 La. 972

## TREIGLE SASH FACTORY, Inc., v. CONSERVATIVE HOMESTEAD ASSOCIATION.

### No. 33072.

Supreme Court of Louisiana.

March 4, 1935.

Rehearing Denied April 1, 1935.

Weiss, Yarrut & Stich, D. H. Theard, Legier, McEnerny & Waguespack, Carroll, McCall & Plough, A. D. Danziger & P. H. Stern, J. G. Dempsey, Jr., D. J. Murphy, J. Zach Spearing, Scott E. Beer, and Hyman Mithoff, all of New Orleans, for appellant.

Alex W. Swords, A. Giffen Levy, and Hugh Wilkinson, all of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is one of the cases mentioned in the opinion rendered today in the case of Camille V. Treigle v. Acme Homestead Association (La. Sup.) 160 So. 637.

For the reasons given in that case, the judgment appealed from is annulled and reversed, and the demand of the plaintiff is rejected, and its suit dismissed at its cost.

ODOM, J., dissents.

181 La. 973

## TREIGLE SASH FACTORY, Inc., v. UNION HOMESTEAD ASSOCIATION.

### No. 33074.

Supreme Court of Louisiana.

March 4, 1935.

Rehearing Denied April 1, 1935.

Carroll, McCall & Plough, of New Orleans, for appellant.

Alex W. Swords, Hugh M. Wilkinson, and A. Giffen Levy, all of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is one of the cases mentioned in the opinion rendered today in the case of Camille V. Treigle v. Acme Homestead Association (La. Sup.) 160 So. 637.

For the reasons given in that case, the judgment appealed from is annulled and reversed, and the demand of the plaintiff is rejected and its suit dismissed at its cost.

ODOM, J., dissents.